PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONAH P. ROSS (CABN 305076)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
jonah.ross@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL LAWRENCE,<br><br>Defendant. | CASE NO. 4:24-cr-00552 AMO<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: March 3, 2025<br>Time: 2:00 p.m. |

**INTRODUCTION**

In March of 2024, Defendant Darryl Lawrence, a man with considerable criminal history, including two prior convictions for crimes involving firearms, possessed a loaded AK-style pistol. Defendant has pleaded guilty in the instant case to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

For the reasons set forth below, the government requests that the Court sentence Defendant to 57 months imprisonment, a three-year term of supervised release (with the conditions recommended by probation and set forth in the plea agreement), a $100 special assessment, and order forfeiture of the firearm and ammunition and other items seized.

**BACKGROUND**

**I. Offense Conduct**

On March 9, 2024, Oakland Housing Authority Police Department ("OHAPD") officers responded to a call outside a multi-family apartment complex operated by the Oakland Housing Authority. *See* Presentence Investigation Report ("PSR") ¶ 6. On the front seat of a Dodge Challenger registered to Defendant and parked in the apartment complex's parking lot, the officers observed a Mini Draco AK-style pistol, which they later determined was loaded with 7.62mm caliber rounds, including one in the chamber. *Id.*, ¶ 7, 10. Surveillance video showed the Challenger arriving in the parking lot shortly before the officers arrived, and one person exiting from the driver's seat. *Id.*, ¶ 13. While on scene, two males asked an officer about the vehicles they were investigating. *Id.*, ¶ 9. One of the males was approximately six feet tall, weighed approximately 240 pounds, had long dreads-style hair and a beard, and was wearing a dark hoodie with a while logo. *Id.* When they later searched the Challenger, the officers also discovered a drum-style magazine capable of holding approximately 50 rounds of ammunition; a "Weighmax" gold digital scale, several small clear plastic bags and multiple small, custom plastic zip bags with a marijuana flower displayed and lettering that read "3.5 grams;" several razor blades and suspected cocaine inside a plastic bag tied in a knot; a small plastic zip bag containing several small blue pills suspected to be oxycodone; and a bag containing a large amount of marijuana. *Id.*, ¶ 10.

On March 11, 2024, Defendant called OHAPD, identified himself as the owner of the Challenger, and reported the vehicle stolen. *Id.*, ¶ 14. Defendant subsequently arrived at the OHAPD station in an SUV with a woman he identified as his wife. *Id.* Defendant wore a sweatshirt that appeared consistent with the sweatshirt worn by the man who spoke with OHAPD officers two days earlier. *Id.* Pursuant to the terms of Defendant's Post Release Community Supervision, officers searched the SUV in which Defendant arrived and located one live 7.62x39 rifle round—the same caliber as the ammunition loaded into the Mini Draco found in the Challenger. *Id.*, ¶ 15.

DNA analysis comparing a reference sample from Defendant with swabs from the Mini Draco provided very strong support for the proposition that Defendant was a contributor to the mixture from the swabs taken from both the firearm's grip and safety charging handle. *Id.*, ¶ 16-17.

## II. Criminal History

Defendant has suffered the following convictions as an adult:

- 2005: California Penal Code § 245(a)(2) (assault with firearm on person); Cal. Pen. Code § 246 (shoot at occupied motor vehicle); Cal. Pen. Code § 69 (resist officer), all felonies;
- 2005: Cal. Pen. Code § 664/653F (attempt to solicitation to commit crime); Cal. Pen. Code § 664/137(a) (attempt to influence testimony of witness), felonies;
- 2009: Cal. Pen. Code § 12020(a)(4) (carry concealed dirk or dagger), a felony; and
- 2023: Cal. Pen. Code § 29800(a)(1) (felon/addict in possession of a firearm), a felony.

## III. Procedural Posture

On June 24, 2024, the Government charged Defendant via complaint with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. On July 1, 2024, Chief Magistrate Judge Ryu ordered Defendant detained pending trial. Dkt. 17. On October 22, 2024, the government filed an Information charging Defendant with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Dkt. 31. On October 23, 2024, Defendant waived indictment and was arraigned on the Information. Dkt. 32. On December 16, 2024, pursuant to a plea agreement, Defendant pleaded guilty to the charge against him. Dkt. 46-47. The government agreed to recommend a sentence of not more than 57 months in custody. Dkt. 46.

# ARGUMENT

## I. Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include (among other factors):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the

offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## II. Sentencing Guidelines Calculation

As set forth in the PSR and the plea agreement, the Sentencing Guidelines calculations for Defendants offense level is as follows:

| | U.S.S.G. Section | Level/Points |
|---|---|---|
| Base offense level | § 2K2.1(a)(4)(B) – semiautomatic firearm capable of accepting large capacity magazine and prohibited person | 20 |
| Specific offense characteristics | § 2K2.1(b)(6)(B) – used or possessed in connection with another felony (possession of narcotics for sale) | +4 |
| Acceptance of responsibility | §3E1.1(a) and (b) | -3 |
| Total offense level | | 21 |

PSR ¶¶ 25-34.

The Probation Officer concluded that Defendant's criminal history score is 13, and he therefore falls into Criminal History Category VI. *Id.*, ¶ 43. As reflected in the PSR, the Guidelines range for imprisonment associated with adjusted offense level 21 and Criminal History Category VI is 77-96 months of incarceration. *Id.*, ¶ 74. The Probation Officer recommends a 57-month sentence. *Id.* at Sentencing Recommendation.

## III. The United States' Sentencing Recommendation

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a custodial sentence of 57 months—a downward variance of 20 months from the applicable guidelines range—to be followed by a three-year term of supervised release. Consistent with 18 U.S.C. § 3553(a), such a sentence is sufficient, but not greater

than necessary, to reflect the seriousness of the offense and to provide specific deterrence given Defendant's criminal history, but also to account for relevant mitigating factors.

Defendant's conduct here is dangerous, and the offense he committed is serious. Defendant committed the instance offense while on Post Release Community Supervision for a markedly similar state-level conviction from 2023 for felon-in-possession of a firearm (Cal. Pen. Code § 29800(a)(1). PSR ¶ 40. In that offense, Defendant possessed an AR-15 style rifle with a high-capacity magazine in the presence of assorted narcotics apparently packaged for sale. *Id*. And that conduct occurred only months after Defendant's release from prison on parole for offenses including assault with a firearm on a person, shooting at an occupied vehicle, and attempt to influence testimony of a witness. *Id*. ¶, 37-38. It is concerning that, in the instant case (which represents his third conviction involving a firearm), Defendant essentially repeated the same conduct from his 2023 conviction. That Defendant has a separate prior conviction (albeit almost 20 years ago) for firing a gun at an occupied vehicle only serves to underscore the need for a substantial custodial sentence.

Nonetheless, the government agrees with the PSR that a variance is justified by the factors listed in § 3553, most notably the history and characteristics of the defendant. As the PSR details, Defendant has faced considerable challenges throughout his life: He witnessed and was the victim of domestic abuse and lacked a stable living environment as a child. *Id.*, ¶¶ 56, 58, 63. His mother suffered from drug abuse and mental health issues and went to prison at least once. *Id.*, ¶¶ 56-57. He regularly observed violence, including witnessing his friend killed in front of him, and Defendant has previously been shot. *Id.*, ¶¶ 58, 63. Lastly, Defendant has expressed a desire to receive both mental health and substance abuse treatment and to be present for his young son. The government is hopeful Defendant will avail himself of available treatment options, as recommended by probation. PSR at Sentencing Recommendation.

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, the government recommends that the Court sentence Defendant to 57 months in prison followed by a three-year term of supervised release.

DATED: February 24, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

_______/s/________________
JONAH P. ROSS
Assistant United States Attorney