IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL LAWRENCE,<br><br>Defendant. | **Case No.:** 24-CR-552-AMO<br><br>**ORDER GRANTING REDUCTION IN SENTENCE** |

Before the Court is Defendant Darryl Lawrence's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A), filed on April 13, 2026.  Dkt. No. 63.  The Government filed an opposition on May 7, 2026, Dkt. No. 66, and Lawrence's reply followed on May 21, 2026, Dkt. No. 68.  Because Lawrence's reply brief included new evidence in support of his motion for compassionate release, the Court allowed the Government to file a sur-reply no later than June 1, 2026.  Dkt. No. 70.  The Government did not file a sur-reply.

The Court has jurisdiction to grant the relief requested[1] and, having carefully considered the papers and evidence submitted in support of and in opposition of the motion, as well as the factors provided in 18 USC section 3553(a) and the applicable policy statements issued by the U.S. Sentencing Commission, the Court grants the motion as set forth herein.

---

[1] The Government concedes that Lawrence exhausted the procedural requirement. Dkt. No. 66 at 5.

ORDER GRANTING REDUCTION IN SENTENCE
*LAWRENCE*, 24-CR-552- AMO

## I.    Legal Standard

The Court may modify a term of imprisonment upon the defendant's motion, after the defendant has fully exhausted administrative remedies,[2] if the Court finds that extraordinary and compelling reasons warrant such a reduction; the reduction is consistent with the applicable policy statement issued by the Sentencing Commission; and the reduction is consistent with 18 U.S.C. § 3553(a)'s sentencing factors. 18 U.S.C. § 3582(c)(1)(A).

## II.    Cancer striking the mother of Lawrence's toddler is an extraordinary-and-compelling circumstance.

Lawrence has demonstrated that extraordinary and compelling reasons warrant reducing his sentence. *See* 18 U.S.C. § 3582(c)(1); USSG § 1B1.13(b). Under the Sentencing Guidelines, extraordinary and compelling reasons exist when the defendant demonstrates the "incapacitation of the caregiver of the defendant's minor child[.]" USSG § 1B1.13(b)(3)(A). Bureau of Prison ("BOP") regulations specify that "'[i]ncapacitation' means the . . . caregiver . . . suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." BOP Program Statement § 5050.50. The Policy Statement also requires considering "whether the release of the inmate to care for the inmate's child is in the best interest of the child." *Id.*

That is exactly the situation here. M.L., the son of Lawrence and Mother,[3] was born in October 2024. Just after M.L.'s first birthday, in October 2025, Mother was diagnosed with breast cancer. In November 2025, she had surgery to remove the cancer. Soon after recovering from surgery, she began chemotherapy, which lasted from January to May 2026. Undergoing chemotherapy caused Mother severe bone pain and fatigue. On May 18, 2026, Mother began daily radiology treatments. In addition to other treatments, she will be on hormone-blocker therapy for five years.  Mother's medical provider noted that her condition causes problems concentrating and performing instrumental activities of daily living, such as cooking, cleaning, transportation, and laundry. Mother also reported that fatigue and physical pain confine her to bed. As a result, she has not been able to take care of her

---

[2] Lawrence exhausted administrative remedies by submitting a request to the warden at the facility where he was incarcerated more than 30 days before filing his motion. Dkt. No. 63 at 32-33; Dkt No. 66 at 3; *see United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

[3] To protect her privacy, the Court omits M.L's mother's name, and refers to her as "Mother" throughout.

**ORDER GRANTING REDUCTION IN SENTENCE**
*LAWRENCE*, 24-CR-552- AMO

21-month-old son. She has relied on friends to transport M.L. to and from daycare, and neither she nor Lawerence have family nearby available to help.  Additionally, M.L. has been suffering from gastrointestinal issues and respiratory and ear-infection symptoms, which have required significant recent medical attention, including an emergency-room trip earlier this year.  Mother declares that Lawrence's presence, care, and love will be in M.L.'s best interest, especially since, because of her illness, Mother is unable to care for M.L. alone and has no one else on whom she can rely.

Courts have found similar circumstances to be extraordinary and compelling. *See United States v. Mulder*, No. 6:20-CR-00058-MC, 2025 WL 3006437, at *3 (D. Or. Oct. 8, 2025); *United States v. Nunez*, No. 23 CR. 517 (AT), 2024 WL 4504493, at *5 (S.D.N.Y. Oct. 16, 2024). Other decisions also demonstrate that Mother's condition and M.L.'s needs qualify as extraordinary and compelling. *See United States v. Dibley*, No. CR 18-189(2) (DWF/SER), 2025 WL 2597479, at *1 (D. Minn. Sept. 8, 2025); *United States v. Garrison*, No. CR DLB-22-215, 2025 WL 1556081, at *3 (D. Md. June 2, 2025); *United States v. Morrison*, 501 F. Supp. 3d 957, 959 (D. Nev. 2020). As in those cases, Mother's uncertain prognosis, her intermittent bed confinement, and her physical inability to provide for a 21-month-old, ailing toddler are extraordinary and compelling reasons for Lawrence's release.

**III.  Reducing Lawrence's custodial sentence to time-served and adding certain conditions to his term of supervised release satisfies the purposes of punishment and adequately protects the public.**

Under USSG § 1B1.13(a), the Court must also consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and whether the factors set forth in 18 U.S.C. § 3553(a) permit a reduction. Lawrence is currently scheduled to complete his sentence on August 17, 2027, in about 13 months. He is likely to be released to a halfway house several months before that. To date, he has served about 25 months in custody, which amounts to over 60% of his expected custodial sentence when factoring in good-time credits. Lawrence will also serve three years of supervised release with conditions that include mental-health treatment, alcohol and drug treatment, and the requirement that he submit to suspicionless searches. After considering whether Lawrence is a danger and the relevant sentencing factors, the Court concludes that his custodial sentence should be reduced to time-served, with the additional conditions

ORDER GRANTING REDUCTION IN SENTENCE
*LAWRENCE*, 24-CR-552- AMO

of curfew and location-monitoring conditions for the first 9 months of his term of supervised release.

First, Lawrence's 18 U.S.C. § 922(g)(1) offense was not overtly violent. Further, his only violent prior was from 24 years ago, when he was only 18 years old. *See* PSR ¶ 37. The lack of recent violent convictions hues in favor of release. *See, e.g.*, *United States v. Edwards*, No. 19-CR-041-YGR, 2021 WL 308791, at *1 (N.D. Cal. Jan. 29, 2021); *United States v. Youn*, No. 4:19-CR-00066-YGR-1, 2020 WL 4465452, at *2 (N.D. Cal. Aug. 4, 2020); *United States v. Curl*, No. 3:18-CR-00057-MMD-WGC, 2023 WL 6213049, at *5 (D. Nev. Sept. 22, 2023).

Second, Lawrence has done well in custody. He has completed drug abuse education and a cognitive behavior course on criminal thinking. He has suffered only one rule violation related to hiding a banned item. His lack of disciplinary history involving violence supports release. *See, e.g.*, *United States v. O'Neil*, 464 F. Supp. 3d 1026, 1038 (S.D. Iowa 2020).

Third, upon release, Lawrence will have the benefit of federal supervision, which he has not had before. For the first 9 months he will be subject to location monitoring and a curfew. Additionally, for the full 3 year term, he will be subject to suspicionless searches, and will participate in outpatient mental health treatment and treatment for alcohol and drug abuse, which will help address the underlying causes of his prior criminal conduct.  Further, he will be occupied providing care for his toddler son. This combination of responsibilities, treatments, and oversight should keep Lawrence out of trouble. *See Garrison*, 2025 WL 1556081, at *4 ("With these structures in place, [the defendant] can focus on caring for his . . . son . . . . [and] now has a dire reason to avoid committing crimes and returning to prison.").

Fourth, when extraordinary and compelling circumstances exist, courts in this district have released defendants similarly-situated to Lawrence. *See United States v. Edwards*, No. 19-CR-041-YGR, 2021 WL 308791, at *1 (N.D. Cal. Jan. 29, 2021); *United States v. Johnson*, No. 16-CR-00430-CRB-1, 2021 WL 1087469, at *4-5 (N.D. Cal. Mar. 22, 2021); *United States v. Mason*, No. 17-CR-00614-JST-1, 2020 WL 7863530, at *3 (N.D. Cal. Dec. 31, 2020); *United States v. Youn*, No. 4:19-CR-00066-YGR-1, 2020 WL 4465452, at *3 (N.D. Cal. Aug. 4, 2020).

In sum, Lawrence's positive in-custody behavior, the structure and treatment he will receive on federal supervision, the significant portion of his sentence already served, and the needs of his 21-

ORDER GRANTING REDUCTION IN SENTENCE
*LAWRENCE*, 24-CR-552- AMO

4

month-old son, support the Court reducing his custodial sentence to time-served.

## IV.   Conclusion

The Court GRANTS Lawrence's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and ORDERS as follows:

1.  Lawrence's sentence of imprisonment is reduced to time served.

2.  This order is stayed for up to 14 days, for the verification of Lawrence's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Lawrence's safe release. Lawrence shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Lawrence to travel period there shall be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements and ensure the defendants safe release, the party shall immediately notify the court and show cause why the state should be extended.

3.  Lawerence's previously imposed conditions of supervised release are modified as follows:

Lawernce shall participate in the Location Monitoring Program as directed by the probation officer for a period of two-hundred and seventy (270) days, and be monitored by location monitoring technology at the discretion of the probation officer.  Location monitoring shall be utilized to verify Lawerence's compliance with a curfew while on the program.  The curfew shall permit Lawrence to provide necessary care for his minor son, M.L.  Lawerence is restricted to his residence everyday as directed by the probation officer.  Lawerence shall pay all or part of the costs of the program based upon his/her ability to pay as determined by the probation officer.

**IT IS SO ORDERED.**

Dated: July 10, 2026

_____

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

ORDER GRANTING REDUCTION IN SENTENCE
*LAWRENCE*, 24-CR-552- AMO